Per Curiam.
Myers, it seems, had an execution levied on two negroes and a wagon, as the property of one Halford, the *47 defendant in execution. The plaintiff in error claimed the property, and gave bond to try the right, and a verdict was found against him. The judgment was rendered on the 9th day of April, 1839. On the same day, Loyd, Bobbitt & Co. recovered judgment against the same defendant, and having issued their execution, the defendant gave a forthcoming bond. On the trial, the executions of Loyd, Bobbitt & Co. and the forthcoming bond, were read, to show, as it is said, that a bond had been given, and that the lien of Loyd, Bobbitt & Co. would only therefore date from the forfeiture of the bond. It is impossible to perceive from the record what influence this question was designed to exert in the case. Pritchard has given no evidence whatever of his title. It does not appear that he even had possession of the negroes. For anything .that appeal's in the record, he is a mere stranger.
In assessing the value of the property levied on, however, the jury omitted to assess the separate value of each specific thing. This was error for which the judgment must be reversed. The Court might, under the statute, have awarded a writ of inquiry, but this was not done. 1
Judgment reversed, and cause remanded.